

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00182-CV

**IN THE INTEREST OF A.R.T.**, a Child

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA01505
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Patricia O. Alvarez, Justice

Sitting:      Patricia O. Alvarez, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 31, 2022

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Mom appeals the trial court's order terminating her parental rights to her child

A.R.T.[1]  For the reasons given below, we affirm the trial court's order.

In the two-day trial, the trial court heard testimony from Department witnesses and Mom.[2]

The testimony included the following.

The first time A.R.T. was removed from Mom, it was for Mom's drug abuse.  Mom

admitted that while she was using drugs, she prostituted herself.  After she made some progress,

A.R.T. was returned to her.

---

[1] We use aliases to protect the child's identity.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).
[2] The trial court terminated Mom's, alleged father's, and unknown father's parental rights, but because Mom is the only appellant, we limit our recitation of the facts to those pertaining to Mom and the child's bests interest.

The second time A.R.T. was removed from Mom was for her drug use and physical abuse of A.R.T. A.R.T. was about three and one-half years old, and he had bruises on his forehead. He explained that Mom hit him in the head with her shoe, kicked his leg, punched his chest, and hit his head with her hand. His foster placement noted that in response to a sudden movement, A.R.T. will flinch and try to protect himself. Further, A.R.T. has severe eye impairment, cognitive delay, several developmental issues, and behavioral issues.

After he was removed and placed in foster care, A.R.T. gave graphic, specific details about how Mom had performed sex acts on him. In his foster home and at school, A.R.T. repeatedly acted out sexually with objects and other children, and he had to be monitored continually. When his foster Mom redirected him from doing those things, A.R.T. responded "But Mommy does it."

Mom denied physically or sexually abusing A.R.T. She admitted having sex with another person, which were not "quick encounters," while A.R.T. was sleeping in the same room; this happened twice. Mom acknowledged that A.R.T. woke up and saw her engaged in sexual activity.

In foster care, A.R.T. has improved remarkably. He is getting all the services he needs, and his foster family wants to adopt him.

The trial court found Mom's course of conduct met grounds (D), (E), (N), and (O) and terminating Mom's parental rights was in the child's best interest. It terminated Mom's parental rights to A.R.T., and Mom appeals.

### *ANDERS* BRIEF

Mom's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). Counsel also provided Mom with a copy of the

*Anders* brief, counsel's motion to withdraw, and a form to request a free copy of the appellate record. Counsel advised Mom of her right to review the record and file her own brief.

We ordered Mom to file her pro se brief, if any, not later than July 18, 2022. Mom did not request a copy of the record or file a pro se brief.

## DISPOSITION

Having carefully reviewed the entire record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order.

We affirm the trial court's order.

## MOTION TO WITHDRAW

In his motion to withdraw, court-appointed appellate counsel does not assert any ground for withdrawal other than the conclusion that his client's appeal is frivolous. Counsel's duties to Mom are not yet complete; the motion to withdraw is denied. *See id.* at 27; *see also* TEX. FAM. CODE ANN. § 107.016(2); *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'" (quoting *In re P.M.*, 520 S.W.3d at 27–28)).

Patricia O. Alvarez, Justice